**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**STRIKE 3 HOLDINGS, LLC,**

                                        **Plaintiff**

        **vs.**                                        **1:18-CV-410**
                                                       **(TJM/DEP)**

**JOHN DOE, Subscriber Assigned IP Address**
**72.224.58.243,**

                                        **Defendant.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


                        **DECISION & ORDER**

        Defendant appeals two non-dispositive decisions of Magistrate Judge David E.

Peebles in this matter.  See dkt. # 14.

**I.      BACKGROUND**

        Plaintiff, the owner of "award winning, critically acclaimed adult motion pictures,"

alleges that Defendant has engaged in copyright infringement.  See Complaint, dkt. #1, at

¶¶ 2, 1.  Plaintiff's Complaint names Defendant as "John Doe" and identifies him only by

an Internet Protocol ("IP") address.  Plaintiff alleges that Defendant, "[u]sing the BitTorrent

protocol, . . . is committing rampant and wholesale copyright infringement by downloading

Strike 3's motion pictures as well as distributing them to others."  Id. at ¶ 4.  According to

Plaintiff, Defendant has "infring[ed] 50 movies over an extended period of time."  Id.

                                        1

Plaintiff contends that Defendant's infringement occurred anonymously, but that Defendant's identity is known by Spectrum ("Time Warner Cable"), Defendant's Internet Service Provider ("ISP").  Id. at ¶ 5.  Plaintiff seeks damages under the Copyright Act, 17 U.S.C. §§ 101.  Id. at ¶ 6.

On May 15, 2018, Plaintiff filed a motion for leave to serve a third party subpoena. See dkt. # 6.  Plaintiff sought to subpoena Time Warner Cable to learn the true identity of the John Doe Defendant named in the Complaint.  Id.  Plaintiff previously had only the IP address associated with that Defendant.  Id.  Magistrate Judge Peebles granted that motion on May 16, 2018.  See dkt. # 7.  Citing to Arista Records LLC v. Doe, 604 F.3d 110, 115 (2d Cir. 2010) and Strike 3 Holdings, LLC v. John Doe, No. CV 3:1701680 CSH (2017 WL 5001474 (D. Conn. Nov. 1, 2017), Magistrate Judge Peebles concluded that good cause existed for serving the third-party subpoena.  Id.

Defendant filed a motion to quash that subpoena on June 5, 2018.  See dkt. # 8. The Defendant filed the motion at the public counter of the Clerk's office in Albany, New York.  See dkt. entry #8.  He would not identify himself or provide any contact information, but promised to "reach out to the court" for any future developments.  Id.  In his motion, Plaintiff objected to the subpoena, claiming "I have no diea what this in regards to." Motion, dkt. # 8.  Defendant, a graduate student, relied on co-tenants and Airbnb for his living expenses.  Id.  He provided all utilities for guests, including the Internet.  Id. Defendant suspected that one of his guests had engaged in the copyright violation alleged by Plaintiff.  Id.  In addition, Defendant pointed out, he had no money and considerable debt.  Id.  Subjecting him to a lawsuit would be a waste of the court's and the Plaintiff's time.  Id.  Defendant asked the court to quash the subpoena and promised to "take

2

measures on my end to ensure that no further infractions occur from my fellow tenants or Airbnb guests." Id.

Magistrate Judge Peebles denied the motion to quash in a text order. See dkt. # 9. Defendant, Magistrate Judge Peebles concluded, had failed to offer any grounds for quashing the subpoena under Federal Rule of Civil Procedure 45. Id. Instead, Defendant contested the case on its merits. Id. Magistrate Judge Peebles found he had considered the proper factors in permitting the subpoena and Defendant had failed to meet his burden to quash. Id.

Defendant responded by renewing his motion to quash. See dkt. # 10. Pointing to case law, he argued that Plaintiff's Complaint failed to allege sufficient detail regarding the copyrighted material to state a claim upon which relief could be granted, which made the subpoena invalid. Id. Magistrate Judge Peebles again denied the motion by text order. See dkt. # 11. Magistrate Judge Peebles noted that Defendant's motion addressed none of the factors courts consider in evaluating a motion to quash. Id. His earlier decision on Plaintiff's motion had considered those factors and concluded that no grounds existed for quashing the subpoena. Magistrate Judge Peebles found the case cited by the Defendant, Strike 3 Holdings, LLC v. Doe, No. 17-CV-8956, dkt. No. 15 (S.D.N.Y. Nov. 16, 2017), inapplicable. Id. The court in that case had not evaluated the five factors to be considered on a motion to quash and instead had *sua sponte* dismissed the case. Id. Such dismissal, Magistrate Judge Peebles found, was not appropriate in this matter.

Plaintiff has appealed both of these decisions. Plaintiff filed a response. The Court will consider the decisions together, as they address the same issue and the same legal standard applies.

## II.    LEGAL STANDARD

A district court judge reviewing a magistrate judge's non-dispositive pretrial order, as is in issue here, may not modify or set aside any part of that order unless it is clearly erroneous or contrary to law.  Labarge v. Chase Manhattan Bank, N.A., 1997 U.S. Dist. LEXIS 13803, 1997 WL 5853122, at *1 (N.D.N.Y. Sept. 3, 1997) (citing 28 U.S.C. § 636(b)(1)); FED. R. CIV. P. 72(a); Mathias v. Jacobs, 167 F.Supp.2d 606, 621-23 (S.D.N.Y. 2001); Dubnoff v. Goldstein, 385 F.2d 717, 721 (2d Cir. 1967) (court's decision "not to disqualify himself is ordinarily reviewable only upon appeal from a final decision on the cause in which the application . . . was filed.").  Findings are clearly erroneous when the reviewing court is firmly convinced the lower court decided an issue in error.  Lanzo v. City of New York, 1999 U.S. Dist. LEXIS 16569, 1999 WL 1007346, *2-3 (E.D.N.Y. Sept. 21, 1999).  This standard imposes a heavy burden on the objecting party, and only permits reversal where the district court determines the magistrate judge "abused his broad discretion over resolution of discovery matters."  Labarge, 1997 U.S. Dist. LEXIS 13803, 1997 WL 583122 at *1.

At issue here are Magistrate Judge Peeble's orders denying Defendant's motions to quash Time Warner Cable's subpoenas used to obtain Defendant's identity.  While courts recognize that anonymity on the Internet can be a useful means of encouraging the "exchange of ideas" protected by the First Amendment, "to the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by" that Amendment.  Arista Records, 604 F.3d at 118.  In deciding whether to quash a subpoena issued under circumstances like those here, courts have considered five factors:

4

(1) the concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, . . . (2) the specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the objecting party's expectation of privacy.

Id. at 119 (quoting Sony Music Entm't, Inc. v. Doe, 326 F.Supp.2d 556, 564-65 (S.D.N.Y. 2004)).

On appeal, Defendant contends that Magistrate Judge Peebles failed to consider his expectation of privacy in denying the motion.  Plaintiff claims he does "not wish for my personal information to become public record, nor do I wish to be harassed by the Plaintiff's attorney."  Defendant claims that he has researched that attorney and discovered that she has a reputation for harassing defendants.  Even if the Court denies his appeal, Defendant requests that "a protective order be entered, allowing [him] to proceed anonymously, and if possible with the help of an attorney of my own."

The Court finds that Magistrate Judge Peeble's decisions denying both motions to quash were not clearly erroneous or contrary to law.  Plaintiff's appeal addresses only one of the factors outlined above, his expectation of privacy.   As to the first four factors, the Court first finds no error in Magistrate Judge Peebles' conclusion that, at this point in the litigation, the Plaintiff has alleged facts sufficient to show actionable harm.  The Complaint alleges copyright violations of 50 works by an IP address named in the Complaint.  An exhibit to the Complaint lists the works allegedly violated.  See dkt. # 1-1.   Second, the discovery request is specific, as it asks for the name associated with the IP address that allegedly violated the Plaintiff's copyrights from the Service Provider for that address.  Third, a subpoena to that Service Provider also represents the means by which the account holder's name can be identified.  Fourth, without the name of the account holder

5

the claim can hardly be advanced against that holder.

As to the fifth factor, the privacy interest in question here is the Defendant's expectation that the ISP would hold his identity private.  In <u>Arista Records</u>, Plaintiff alleged that Defendant had violated copyright law by sharing music through an on-line service. <u>Arista Records</u>, 604 F.3d at 113.  The Court rejected Defendant's claim that his expectation of privacy prevented disclosure of his identity: "we regard [defendant's] expectation of privacy for sharing copyrighted music through an online file-sharing network as simply insufficient to permit him to avoid having to defend against a claim of copyright infringement."  <u>Id.</u>  Likewise, Defendant's expectation of anonymity in viewing pornography on the internet is not sufficiently important to prevent Plaintiff from obtaining his identity in order to prosecute a copyright claim.

Plaintiff's arguments on appeal are unavailing.  Even in reference to the one factor listed above that Plaintiff allegedly addresses, Plaintiff's fails to explain how he had an expectation of privacy in accessing the internet to view copyrighted material and share copyrighted material with others.  His privacy claim does not address that issue but is instead forward-looking.  He fears that Plaintiff's counsel will not respect his privacy as the litigation develops.  Such argument does not address the issues raised by the Magistrate Judge's decision and is not a basis for overturning that decision.  The Court will therefore deny the appeal.  The Court's dismissal is without prejudice to Defendant addressing an appropriate motion to Magistrate Judge Peebles concerning his interest in privacy or his desire for appointed counsel.

## IV.    CONCLUSION

For the reasons stated above Defendant's appeal, dkt. # 14, of Magistrate Judge

6

Peebles' decisions denying his motions to quash is hereby DENIED.  The decisions, dkt.

#s 9, 11, are AFFIRMED.

**IT IS SO ORDERED.**

DatedOctober 3, 2018

Thomas J. McAvoy
Senior, U.S. District Judge